By the Court. Campbell, J.
We do not deem it necessary to consider at length the various points taken on the argument of this case. Conceding that where a man is shown to be in possession of leasehold premises without any thing more, that the presumption of law is that he is in as an assignee of the original tenant, (4 Hill, 116,) and that a defendant may be charged in the declaration as assignee generally, though, in fact, he is only assignee of a portion of the demised premises, (2 Barb. S. C. R. 643;) also, that the judgment against Flandrau and execution levied, constituted no defence to this suit;—conceding these points, (and we are of opinion that if their decision were material, they ought all to be decided in favor of the plaintiffs in error,) still there is another point which presents, we think, an insuperable difficulty, and is entirely conclusive; and though we may feel that the plaintiffs in error have equities, yet we must affirm the judgment of the common pleas.
The plaintiffs accepted from Flandrau the original lessee, a surrender of the premises on the 21st of February, 1843, by which the term was to end on the first day of May following. The present suit is brought to recover the quarter’s rent due May 1st, 1843, and the defendant is sought to be charged as assignee of Flandrau. If the presumption of law had been that the defendant was in possession as assignee of Flandrau, that presumption was entirely rebutted by the surrender, which instrument was produced on the trial by the plaintiffs themselves. The proof of an actual assignment, if there was'such, then rested upon the plaintiffs,. There was no such proof on *599 their part, nor did they offer to produce any. Indeed we might go further and say that the production of the surrender, not only rebutted the presumption of law, but was an actual and positive admission on the trial, that Flandrau, and not the defendant, was the tenant. The presumption of law being rebutted, and there being such admission, the whole ground work of the plaintiffs action was gone. There was nothing to be submitted to the jury. The non-suit was properly granted, and the judgment of the court of common pleas must be affirmed.